IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

LEROY MITCHELL, et al.,                    §
                                           §
               Plaintiffs,                 §
                                           §
VS.                                        §        Civil Action No. 3:16-CV-2392-D
                                           §
COUNTRYWIDE HOME LOANS                     §
SERVICING LP, et al.,                      §
                                           §
               Defendants.                 §

## ORDER

In his August 18, 2016 findings, conclusions, and recommendation, the United States Magistrate Judge recommends that the court deny plaintiffs' emergency *ex parte* application and verified petition for temporary restraining order and temporary injunction. Plaintiffs object. For the reasons that follow, the court adopts the recommendation, although on a different ground.

The magistrate judge relies, in part, on the fact that plaintiffs removed this case, and a plaintiff cannot remove a case from state court under 28 U.S.C. § 1441(a). In their objections, plaintiffs state that they were mistaken in referring to themselves as plaintiffs, and that they are in fact defendants. But if they are defendants, another procedural defect arises. They appear to be Texas citizens, and a case cannot be removed to federal court on the basis of diversity of citizenship[*] when a properly joined and served in-state citizen is a defendant. *See* 28 U.S.C. § 1441(b). In other words, even though there is complete diversity of citizenship, the removal statute does not permit

---

[*]In their notice of removal, defendants assert that the court has federal question jurisdiction. But with the exception of complete preemption (which does not apply here), federal question jurisdiction is determined from *the plaintiff's* well-pleaded complaint. If they are defendants—which they say they are—they cannot rely on a claim that they are asserting. The federal question claim must be asserted by Countrywide Home Loans Servicing, LP or Bank of America, N.A., the plaintiffs.

removal to a federal district court in Texas when there is a properly joined and served *Texas* citizen

defendant.  This type of defect is procedural.  *See, e.g., Halmekangas v. State Farm Fire & Cas. Co.*,

603 F.3d 290, 295 n.18 (5th Cir. 2010)  ("[A] procedural defect is any defect that does not go to the

question of whether the case originally could have been brought in federal district court." (citing

*Williams v. AC Spark Plugs Div. of Gen'l Motors Corp.*, 985 F.2d 783, 787 (5th Cir.1993))).  But

the court can deny injunctive relief where it is possible that the case will be remanded.

Accordingly, following *de novo* review, and for the reasons explained, the court adopts the

magistrate judge's August 18, 2016 findings, conclusions, and recommendation, and it denies

plaintiffs' emergency *ex parte* application and verified petition for temporary restraining order and

temporary injunction.

**SO ORDERED**.

September 15, 2016.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE