IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEROY MITCHELL, et al., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:16-CV-2392-D |
| | § | |
| CONTRYWIDE HOME LOANS SERVICING, LP, et al., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this removed action, defendants Rushmore Loan Management Services LLC ("Rushmore") and Wilmington Savings Fund Society ("Wilmington") move to remand—based on procedural error, untimely removal, and lack of diversity jurisdiction—a case removed by *pro se* plaintiffs. For the reasons that follow, the court grants the motion.

I

This case involves real property ("the Property") that plaintiff Andrea Leonard ("Leonard") originally owned. In August 2014 the 192nd District Court of Dallas County, Texas entered an order of sale for the Property. In September 2014 the Property was sold in a homeowners association sheriff's sale to plaintiff Leroy Charles Mitchell ("Mitchell"). Mitchell maintained and improved the Property and made it available for tenancy. One year later, the Property was sold in a foreclosure sale to Wilmington.

In January 2016 Wilmington obtained a judgment for possession of the Property in

the justice court.[1]  Leonard and Mitchell appealed the judgment to Dallas County Court at Law No. 2 (the "Eviction Appeal").  On May 5, 2016 Dallas County Court at Law No. 2 entered judgment in Wilmington's favor.  Leonard and Mitchell appealed the judgment to the Texas Court of Appeals.[2]

On October 1, 2015, before the Eviction Appeal was taken, plaintiffs Leonard and Mitchell filed suit against Contrywide[3] Home Loans Servicing, LP, Bank of America, NA ("Bank of America"), Wilmington, and Rushmore in the 192nd District Court of Dallas County, Texas (the "192nd District Court Case"), alleging a wrongful foreclosure claim.  On March 21, 2016 the 192nd District Court denied plaintiffs' request for injunctive relief.  On August 8, 2016 Dallas County Court at Law No. 2 entered a writ of possession, and on August 10, 2016 the Property's tenants were served a notice to vacate the premises.  Plaintiffs filed a new lawsuit in a state district court seeking to restrain defendants from evicting the tenants.  That suit was transferred to Dallas County Court at Law No. 2, which denied the application for a temporary restraining order on August 12, 2016.  Immediately following the adverse ruling, plaintiffs nonsuited their lawsuit.

On August 17, 2016 plaintiffs—not defendants—filed a notice of removal in this

---

[1] Justice of the Peace Court, Precinct 1, Place 2, of Dallas County, Texas.

[2] According to the record, as of the filing of this memorandum opinion and order, the appeal is still pending.

[3] The *pro se* removing parties misspelled Countrywide as "Contrywide," which is the spelling reflected in the case caption.  The court uses the correct spelling.

court.[4] They sought to restrain defendants from evicting those renting the Property. The magistrate judge recommended that the application for a temporary restraining order be denied, and the court adopted the recommendation.

Wilmington and Rushmore now move to remand the case to the 192nd District Court of Dallas County and to Dallas County Court at Law No. 2 of Dallas County, Texas,[5] contending that plaintiffs' notice of removal fails to clearly identify which lawsuit plaintiffs intended to remove to this court. They rely on three grounds to establish that this lawsuit should be remanded: first, plaintiffs could not remove the 192nd District Court Case under 28 U.S.C. §1441(a); second, plaintiffs' notice of removal of the Eviction Appeal from Dallas County Court at Law No. 2 is untimely; and (3) plaintiffs have failed to establish that the court has diversity jurisdiction.

II

Because "the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). The removal statute is thus strictly construed, "and any doubt as to the propriety of removal should be resolved in favor of remand." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)). The heavy burden of establishing federal jurisdiction thus falls on the

---

[4]Although plaintiffs are now represented by counsel, they were *pro se* when they removed the case to this court.

[5]The court addresses both options below in determining whether remand is proper.

removing parties.  *See Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995).

III

The court considers first whether plaintiffs could remove the 192nd District Court Case.  28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by *the defendant or the defendants*, to the district court of the United States[.]"  28 U.S.C. § 1441(a) (emphasis added).  Because Mitchell and Leonard are plaintiffs in the 192nd District Court Case, they could not remove the case to this court under § 1441(a).[6]

IV

The court considers second whether the Eviction Appeal was timely removed.  Defendants maintain that removal was untimely because Wilmington sued Leonard in the justice court for forcible entry and detainer on September 21, 2015, and Leonard was served with process on September 23, 2015.  Defendants posit that, although in the Eviction Appeal Leonard and Mitchell appealed the justice court judgment to Dallas County Court at Law No. 2, the removal deadline should be calculated from the date that Leonard was served, making October 23, 2015 the deadline for removal.  Plaintiffs did not remove the case until August 17, 2016, so defendants maintain that removal was untimely.

28 U.S.C. § 1446(b)(1) provides that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service

---

[6]Although this defect is procedural and can be waived, Rushmore and Wilmington timely moved to remand based on this procedural defect.

- 4 -

or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C. § 1446(b)(1); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). Defendants maintain that plaintiffs' appeal to Dallas County Court at Law No. 2 is a continuation of the justice court lawsuit. In support of their position, defendants cite *Shaw v. Nix*, 1998 WL 894587 (S.D. Tex. Dec. 18, 1998), in which the court held that the justice court's exclusive, original jurisdiction over a forcible detainer action made the subsequent county court appeal a continuation of the original suit. *See id.* at *1. "[A] forcible detainer suit [cannot] originally be brought in county court, so any forcible detainer suit in a county court must have originated in a justice of the peace court." *Wells Fargo Bank, N.A. v. Anderson*, 2011 WL 1135121, at *2 (N.D. Tex. Mar. 28, 2011) (Kinkeade, J.) (citing *Shaw*, 1998 WL 894587, at *1). A forcible detainer suit in a Texas county court is a supplemental or incidental suit to the original action in the justice court. *Id.* (citing *Overman v. Overman*, 412 F. Supp. 411, 412 (E.D. Tenn. 1976); *Ohio v. Doe*, 433 F.3d 502, 506 (6th Cir. 2006)). For forcible detainer cases, the 30-day time limit for removal therefore begins to run from service of the justice court suit. *Id.*; *see Deutsche Bank Nat'l Trust Co. v. Lee*, 2010 WL 5441673, at *2 (N.D. Tex. Dec. 23, 2010) (Lindsay, J.).

Accordingly, the court holds that the 30-day removal deadline was triggered when Leonard was served with process on September 23, 2015. The 30-day removal deadline was October 23, 2015. Plaintiffs did not remove the Eviction Appeal until August 17, 2016, well after the 30-day deadline. To the extent plaintiffs removed the Eviction Appeal to this court,

defendants' motion to remand the Eviction Appeal must be granted.  *See, e.g.*, *Marshall v. Air Liquide-Big Three, Inc.*, 2006 WL 286001, at *2 (E.D. La. Feb. 7, 2006) ("The thirty day period is mandatory, unless the party seeking a remand waives that requirement." (quoting *York v. Horizon Fed. Sav. & Loan Ass'n*, 712 F. Supp. 85, 87 (E.D. La. 1989))).

V

Defendants contend that, even if the notice of removal was timely, plaintiffs have failed to meet their burden of establishing that this court has diversity jurisdiction.  Because the court holds that plaintiffs could not remove the 192nd District Court Case and that their removal of the Eviction Appeal is untimely, it will not address this argument.

\* \* \*

Accordingly, the court grants defendants' motion to remand. To the extent plaintiffs removed the 192nd District Court Case to this court, that case is remanded to the 192nd District Court of Dallas County, Texas. To the extent plaintiffs removed the Eviction Appeal to this court, that case is remanded to Dallas County Court at Law No. 2.  Because it is unclear from the *pro se* notice of removal whether Leonard and Mitchell attempted to remove one or both cases, the court directs the clerk of court to effect the remand by transmitting the usual documents that are provided on remand to the state court to both the 192nd District

Court of Dallas County, Texas and to Dallas County Court at Law No. 2.

**SO ORDERED**.

November 2, 2016.

                                                  _____
                                                  SIDNEY A. FITZWATER
                                                  UNITED STATES DISTRICT JUDGE